UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14295-CV-CANNON
MAGISTRATE JUDGE REID

JOSEPH RANSBERGER,

      Plaintiff,

v.

OKEECHOBEE COUNTY, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Plaintiff's *pro se* Amended Complaint filed pursuant to 42 U.S.C. § 1983. [ECF No. 13]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 14].

Plaintiff, **Joseph Ransberger**, is a prisoner currently incarcerated at Okeechobee Correctional Institution ("Okeechobee C.I.") and is seeking redress from a governmental entity or officer or employee of a governmental entity. [ECF No. 13]. As such, his Amended Complaint must be screened pursuant to 28 U.S.C. § 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*) (citations omitted).

Upon such screening, Plaintiff's Amended Complaint is based upon an indisputably meritless legal theory, that the conditions of his confinement violate his constitutional rights, and therefore, he must be released from state prison. Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint [ECF No. 13] be **DISMISSED**, as further discussed below.

## II. Discussion

A. <u>Factual and Procedural History</u>

Plaintiff initiated this case on August 20, 2020, with the filing of his original Complaint along with a Motion for a Temporary Restraining Order. [ECF Nos. 1, 3]. Upon screening, the Undersigned determined that Plaintiff's Complaint failed to state a claim upon which relief could be granted because, among other deficiencies, it was a shotgun pleading, *see Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015), and Ordered Plaintiff to file an amended complaint by September 24, 2020. [ECF No. 6].

On September 21, 2020, Plaintiff filed a Motion for Extension of Time to Amend Complaint, seeking a 90-day extension of time to file an amended complaint. [ECF No. 8]. The Motion was granted in part, and Plaintiff was given until December 4, 2020 to file an amended complaint. [ECF No. 11]. On December 2, 2020, Plaintiff filed the instant Amended Complaint [ECF No. 13], which is now before the Court for screening. *See* 28 U.S.C. § 1915A.

B. <u>Plaintiff's Allegations</u>

In Plaintiff's Amended Complaint, he alleges that his Eighth and Fourteenth Amendment rights are being violated because he suffers from a serious lung disease and is detained in a facility that does not comply with COVID-19 guidelines established by the Center for Disease Control ("CDC") and the Florida Bureau of Prisons ("BOP"). [ECF No. 13 at 6]. In short, Plaintiff claims that he is being "forced to live in an environment which is endangering [his] life." [*Id.*]. Plaintiff provides medical records and multiple grievances that he claims he filed with Okeechobee C.I., but alleges that his concerns have not been properly addressed and that he remains at risk. [*Id.*].

While Plaintiff points to no physical injury caused by the alleged violation, he does allege that he has "a credible fear of death while be detained" at Okeechobee C.I. [*Id*. at 8]. In terms of

relief, Plaintiff seeks no monetary damages. The only remedy he seeks is "emergency early release or some type of home confinement." [*Id.*].

Much like the original Complaint, in the Amended Complaint, Plaintiff sues a litany of Defendants, this time including: (1) Okeechobee County; (2) the Florida Department of Corrections ("FDOC"); (3) the State of Florida; (4) Florida Governor Ron DeSantis; (5) Secretary of the FDOC Mark S. Inch; (6) Okeechobee C.I. Warden Lars Severson; (7) Assistant Warden K. Scott; and (8) FDOC Secretary Representative A. Johns. [*Id.* at 2-5]. While for some Defendants, Plaintiff does not specify whether he is seeking to sue them in their individual or official capacity, Plaintiff does specify that Okeechobee County, the FDOC, and the State of Florida are being sued in their official capacities. [*Id.*].

C.  Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Under 28 U.S.C. § 1915A, the Court must dismiss as frivolous claims that are "based on indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

D. Analysis of Plaintiff's Claims

The Court cannot grant Plaintiff the relief he seeks in this case. In terms of prospective relief, the Court is limited by 18 U.S.C. § 3626, which states that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). Furthermore, the Court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id*. Plaintiff's request for release is unavailable because it is not narrowly drawn, nor is it the least intrusive means to correct the alleged violation of Plaintiff's constitutional rights.

Second, release from prison due to conditions of confinement is specifically prohibited by statute unless: (1) "a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order," and (2) "the defendant has had a reasonable amount of time to comply with the previous court orders." 18 U.S.C. § 3626(a)(3)(A). Neither of these two requirements have been met, leaving the sole remedy Plaintiff seeks unavailable here.

4

To obtain release, Plaintiff must request to appear before a three-judge court pursuant to 28 U.S.C. § 2284, must provide material sufficient to demonstrate that § 3626(a)(3)(A) has been satisfied, and the panel must find by clear and convincing evidence that (1) "crowding is the primary cause of the violation" and that (2) "no other relief will remedy the violation." 18 U.S.C. §§ 3626(a)(3)(B)-(E). Here, Plaintiff has not alleged that he has satisfied these requirements, and as such he cannot obtain relief under any circumstances.

Plaintiff has failed to state a claim for the relief he seeks and has not complied with any of the requirements of § 3626. *See Bilal*, 251 F.3d at 1349. Accordingly, the Amended Complaint must be dismissed.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that the Amended Complaint [ECF No. 13] be **DISMISSED**, and this case **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 3rd day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Joseph Ransberger**
W40148
Okeechobee Correctional Institution
Work Camp

Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, FL 34972
*PRO SE*